UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.1:22-cr-501 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| ANTHONY COCKRELL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter comes before the Court upon the *pro se* motion of defendant Anthony Cockrell ("Cockrell" or "defendant") for a sentence reduction under the First Step Act of 2018 and the Fair Sentencing Act of 2010. (Doc. No. 33 (Motion).) Appointed counsel filed a notice advising of her intent to not file a supplement in support of a sentence reduction (Doc. No. 34 (Notice)), and plaintiff United States of America (the "government") filed an opposition to the motion. (Doc. No. 37 (Response)), and Cockrell filed a supplement in support of his motion. (Doc. No. 38 (Supplement).) Because Cockrell is entitled to no relief from his sentence, his motion is denied.

On August 25, 2022, a federal grand jury returned a six count indictment against Cockrell charging him with various drug trafficking and firearms offenses. (Doc. No. 12 (Indictment).) The indictment provided that the charged crimes occurred between June 21, 2022 and June 22, 2022. (*See id*.) On December 7, 2022, with the benefit of a plea agreement, Cockrell entered a counseled guilty plea to the charges in the indictment. (Minutes of Proceedings [non-document], 12/7/2022; *see* Doc. No. 22 (Plea Agreement).) On April 17, 2023, the Court sentenced Cockrell to an

aggregate custody term of 124 months. (Doc. No. 28 (Judgment); Minutes of Proceedings [non-document], 4/17/2023.)

Cockrell now asks the Court to reduce his sentence pursuant to the Fair Sentencing Act and the First Step Act. (Doc. No. 33, at 2.[1]) In August 2010, Congress passed the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The law "increased the threshold quantities of crack cocaine needed to trigger the mandatory statutory penalties in the Anti-Drug Abuse Act of 1986." *United States v. Boulding*, 960 F.3d 774, 777 (6th Cir. 2020) (citation omitted). In December 2018, Congress passed the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 404 of the act states that if a prisoner, before August 3, 2010, violated "a Federal criminal statute . . . the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010," the prisoner could move the sentencing court to "impose a reduced sentence as if [the reduced statutory penalties] were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(a), (b), 132 Stat. 5194 (2018). In short, § 404 makes retroactive the Fair Sentencing Act's statutory penalty changes so that they apply to defendants whose crimes occurred before August 3, 2010. *See Boulding*, 960 F.3d at 777.

As set forth above, Cockrell was sentenced in April 2023 for crimes he committed in June 2022, both years after the legislative enactments adjusting the statutory penalties for crimes involving cocaine base (crack) were incorporated into the sentencing guidelines. (Doc. Nos. 12, 28.) Cockrell received the benefit of these changes in the law at the time of his sentencing, and he

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

is, therefore, entitled to no further relief.[2] (*See, e.g.*, Doc. No. 24 (Final PSR), at 6, 9 ¶¶ 10, 30–32.)

Accordingly, Cockrell's motion to reduce his sentence is denied.

**IT IS SO ORDERED**.

Dated: June 6, 2024

HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] To the extent Cockrell's supplement (Doc. No. 38) could be construed as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 for ineffective assistance of counsel, it would be dismissed as untimely. As set forth above, Cockrell was sentenced on April 17, 2023. Because Cockrell did not appeal his conviction or sentence, the one-year statute of limitations period began to run 14 days later on May 1, 2023. *See Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (where the defendant "does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed") (citing *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)); *see also* Fed. R. App. P. 4(b)(1)(A)(i) (allowing for a direct appeal to be taken within 14 days of the entry of judgment). Cockrell was required to file his § 2255 motion by May 1, 2024. Instead, he filed the supplement (or motion) on May 25, 2024, 24 days after the limitations period had expired. (*See* Doc. No. 38-1, at 1.) Accordingly, the motion is not timely under § 2255(f)(1).