UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-cr-501 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| ANTHONY COCKRELL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On April 17, 2023, defendant Anthony Cockrell ("Cockrell" or "defendant") was sentenced to a custody term of 124 months, to be followed by 5 years of supervised release. (Doc. No. 28 (Judgment); Minutes of Proceedings [non-document], 4/17/2023.) Cockrell is serving his sentence at FMC Lexington and has an anticipated release date of May 10, 2031.[1] Now before the Court is Cockrell's motion for compassionate release. (Doc. No. 40 (Motion).) Appointed counsel elected to not file a supplement. (*See* Order [non-document], 6/18/2024.) The government opposes the motion. (Doc. No. 44 (Response).) For the reasons that follow, Cockrell's motion for compassionate release is DENIED.

I. BACKGROUND

On August 25, 2022, an indictment issued charging Cockrell with the following: four counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C) and 18 U.S.C. § 2; one count of being a felon in possession of

---

[1] *See* https://www.bop.gov/inmateloc//, last visited 10/21/2024.

firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. No. 12 (Indictment).) On December 7, 2022, with the benefit of a plea agreement, Cockrell entered a plea of guilty to the indictment. (Minutes of Proceedings [non-document], 12/7/2022; Doc. No. 22 (Plea Agreement).) At the time of sentencing, the Court recommended that Cockrell participate in the Residential Drug Abuse Program ("RDAP") and in any vocational programs offered at his facility. (Doc. No. 28, at 2.[2])

On March 29, 2024, Cockrell filed a motion for a sentence reduction pursuant to the Fair Sentencing Act of 2010 and the First Step Act of 2018. (Doc. No. 33.) In his motion, he requested that the 2010 change in the law adjusting the statutory penalties for crimes involving cocaine base (crack) be applied to his sentence. The Court denied the motion, finding that Cockrell received the benefit of the change in the law, as it was already incorporated into the sentencing guidelines before Cockrell was sentenced. (Doc. No. 39 (Order), at 2–3.)

On June 17, 2024, Cockrell filed the present motion for compassionate release. In it, Cockrell claims he suffers from a variety of medical conditions, including high blood pressure, heart attacks, bloody stools, depression, and schizophrenia. (Doc. No. 40, at 2.) He also expects to be evaluated at some point in the future for cancer. (*Id*.) Additionally, he suggests that he is entitled to a sentence reduction because his family is "without their [p]rotector" and because he has "lost so much time" with them. (*Id*. at 7–8.) He requests that his sentence be reduced to 96 months and that his term of supervised release be reduced to 3 years. (*Id*. at 10.)

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

**II.     LAW AND DISCUSSION**

The sentencing court has no inherent authority to reconsider and/or modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Instead, the authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)); *see United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) ("Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute.") Under 18 U.S.C. § 3582(c), a court may only modify a term of imprisonment under the following circumstances: (1) upon a motion of the Director of the Bureau of Prisons ("BOP") or defendant for compassionate release; (2) as expressly permitted by statute or by Fed. R. Crim. P. 35; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. § 3582(c)(1)–(2).

Cockrell does not seek relief under Rule 35, nor does he claim that he was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered.[3] Instead, he claims that he is entitled to a compassionate release. Under § 3582(c)(1)(A), a district court may grant a sentence reduction "only if it finds that the defendant satisfies three requirements: (1) 'extraordinary and compelling reasons warrant such a reduction'; (2) the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission'; and (3) the relevant § 3553(a) factors support the reduction." *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021)

---

[3] To the extent Cockrell continues to seek a sentence reduction based on the 2010 changes in the law relating to crack cocaine (*see* Doc. No. 40, at 9 (Cockrell suggests he is "seeking the one to one powder vs crack [cocaine] base")), his motion is denied for the reasons previously set forth by the Court in its June 6, 2024 Order. (*See* Doc. No. 39, at 2–3.)

3

(quoting § 3582(c)(1)(A)(i); *United States v Elias*, 984 F.3d 516, 518 (6th Cir. 2021)); *see United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). Additionally, exhaustion of administrative remedies is a mandatory claims-processing rule that must be satisfied before a defendant may seek compassionate release. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (citations omitted).

The policy statement applicable to compassionate release motions, U.S.S.G. § 1B1.13, was recently amended (effective November 1, 2023) and describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release. These categories are: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence." § 1B1.13(b).

At the outset, the Court finds no evidence Cockrell has exhausted his administrative remedies. The government represents that "[t]he BOP has no records of Cockell making a request to the warden [for a compassionate release]." (Doc. No. 44, at 6.) Cockrell's motion does not address exhaustion, or otherwise demonstrate that he has made a request to the warden of his facility for release and either received a negative response or waited 30 days without a response before filing the present motion. As the party seeking a compassionate release, it is Cockrell's burden to show that he is entitled to relief, including that he has properly exhausted his administrative remedies. *See United States v. Williams*, 458 F. Supp. 3d 939, 943 (W.D. Tenn. 2020) ("The defendant bears the burden of showing he has exhausted his administrative remedies and is entitled to compassionate release." (citations omitted)). Because the government has

4

"properly invoked" the mandatory claim-processing rule of exhaustion, and Cockrell failed to carry his burden of establishing exhaustion, the Court is obliged to deny Cockrell's motion on this basis alone. *See Alam*, 960 F.3d at 834 ("When 'properly invoked," mandatory claim-processing rules 'must be enforced.'" (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20, 138 S. Ct. 13, 199 L. Ed. 2d 249 (2017))).

But even if the Court assumed that Cockrell had properly exhausted his administrative remedies, he would still have to demonstrate that he was entitled to relief under the compassionate release statute (18 U.S.C. § 3582(c)(1)(A)) and the relevant BOP policy statement. The Court, therefore, turns to a consideration of whether Cockrell has demonstrated the existence of extraordinary and compelling reasons identified in § 3582(c)(1)(A)(i), and discussed in detail in § 1B1.13(b), as amended. Cockrell appears to rely on the first category—medical circumstances of the defendant—to demonstrate that there are extraordinary and compelling reasons justifying a reduction in his sentence. Under § 1B1.13(b)(1), a defendant's own medical condition (or conditions) may satisfy the extraordinary and compelling threshold if the defendant: has a "terminal illness"; suffers from a "serious physical or medical condition," a "serious functional or cognitive impairment," or is experiencing "deteriorating physical or mental health" because of age that "substantially diminishes the ability of the defendant to provide self-care" in his facility and "from which he . . . is not expected to recover"; or is "suffering from a medical condition that requires long-term care or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." § 1B1.13(b)(1).

In support of his motion, Cockrell relies on a laundry list of medical concerns, including high blood pressure, a history of cardiac arrest, schizophrenia, and depression, and most of which

5

the Court was made aware at the time of sentencing. (*See* Doc. No. 24 (Final Presentence Investigation Report), at 24 ¶¶ 91–92.) As the government aptly observes, "facts that existed at the time of sentencing do not constitute an extraordinary and compelling reason warranting a subsequent sentence reduction." *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022) (citation omitted). And Cockrell has failed to identify any evidence that would show that these conditions have changed or worsened, such that they would now rise to the level of an extraordinary and compelling reason justifying a sentence reduction or early release. *See United States v. Hunter*, 12 F.4th 555, 571 (6th Cir. 2021) (explaining that a finding of extraordinary and compelling reasons "cannot be met based on a mere difference of opinion regarding the significance of the facts that existed at sentencing").

Additionally, a review of the BOP medical records supplied by the government does not demonstrate that Cockrell otherwise suffers from a medical condition (or a combination of conditions) that rises to the level of extraordinary and compelling. Cockrell has not shown that he suffers from a terminal illness or a serious medical condition that substantially diminishes his ability to provide self-care in the prison environment, nor does he point to any evidence that he is being denied necessary long-term or specialized care. *See, e.g., United States v. Dusenbery*, No. 5:91-cr-291, 2019 WL 6111418, at *3 (N.D. Ohio Nov. 18, 2019) (finding the defendant did not have the type of "exceptionally severe" condition that justifies release; his kidney ailment, as well as other medical conditions do not impair his ability to provide self-care in his facility). Further, he has not demonstrated that he is at risk of suffering a serious deterioration in his health. Rather, the proffered medical records establish that Cockrell is receiving medical care and that his medical

conditions are well-controlled by his facility. (*See* Doc. No. 44-1 (BOP Medical Records).)[4] He has, therefore, failed to establish that his medical conditions rise to the level of necessary extraordinary and compelling reasons to justify a sentence reduction.

To the extent Cockrell tries to rely on the third category—a defendant's "family circumstances"—to establish the requisite extraordinary and compelling reasons, the motion also fails. *See* U.S.S.G. § 1B1.13(b)(3). He complains that, by his actions, he has "lost so much time with" his family, that they "need him[,]" and that they "are missing him deeply because they are without their [p]rotector in life." (Doc. No. 40, at 7–8.) He does not, however, demonstrate any specific reason that could justify relief based on "family circumstances[,]" such as the death or incapacitation or his spouse or the caregiver for his minor children that would qualify under § 1B1.13(b)(3). His stated concern for his family simply does not rise to the level of an extraordinary and compelling reason under the governing policy statement.

Even if Cockrell had cleared this initial hurdle, the Court would still have denied his motion because the sentencing factors in § 3553(a) do not favor a sentence reduction. The nature and circumstances of his offenses were serious. The Sixth Circuit has recognized that drug trafficking is an inherently dangerous offense. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("To be sure, drug trafficking is a serious offense, that, in itself, poses a danger to the community." (citations omitted)). Cockrell's drug-related offenses were made all the more dangerous by the fact that he used a firearm in furtherance of them. In fact, at the time of his arrest

---

[4] In fact, at a recent medical appointment, Cockrell reported that he was "doing very well" on his schizophrenia medication, and that, when Cockrell noticed blood in a stool, a colonoscopy was performed that revealed no polyps. (*Id.*) These same records demonstrate that Cockrell recently received a CT scan because he is considered high risk for lung cancer, further illustrating the fact that the BOP is actively monitoring and addressing Cockrell's medical needs. (*Id.*) The medical records do not, however, support Cockrell's claim that he has suffered heart attacks in prison. Rather these records show that his only heart attack occurred in 1999. (*Id.*; *see also* Doc. No. 24, at 24 ¶ 91.)

in June 2022, a search of the residence he shared with his wife and two of his minor children revealed the existence of 8 weapons, several of which were loaded, in the home. (Doc. No. 24, at 7 ¶¶ 18–20.) This suggests that Cockrell would pose a significant danger to the safety of the community.

Cockrell also has an extensive criminal history that began in 1988 and includes attempted grand theft auto and assault, as well as multiple convictions for drug trafficking and drug-related crimes and four convictions for domestic violence. (*Id*. at 11–21 ¶¶ 47–76.) Prior convictions and sentences for drug related offenses and violence against others have failed to dissuade Cockrell from engaging in dangerous and illegal activity, such as drug trafficking. (*See, e.g., id*. at 18–19 ¶ 71 (3-year custody term for drug trafficking).) In fact, while Cockrell worries that his family is without its protector while he is incarcerated, the fact remains that several of his domestic violence convictions involved violence he directed toward a close family member. In two instances, his violence was aimed at his ex-wife, Laura Cockrell. (*Id*. at 14 ¶ 55, 15 ¶ 59.) His most recent conviction for domestic violence involved his current wife, Brittany Cockrell. There, Cockrell grabbed his wife's arms and threw her onto her knees when she tried to leave during an argument, causing her to sustain scratches and bruising. (*Id*. at 21 ¶ 76.) These incidents do not point toward a finding that his presence at home is needed to protect his family.

The Court has taken into consideration Cockrell's representations (albeit entirely unsubstantiated) that he is currently participating in the RDAP program and has completed several other programs in prison. (*See* Doc. No. 40, at 9.) It has also considered Cockrell's family support and his desire to be reunited with his family. But after considering all of the § 3353(a) factors, the Court finds that a reduction in sentence would undermine the need for the sentence imposed to

8

reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, afford adequate deterrence, and protect the public from further crimes of the defendant. Based on these same facts, the Court also finds that Cockrell poses a danger to the community.

### III. CONCLUSION

For the foregoing reasons, the Court denies defendant's motion for a compassionate release.

**IT IS SO ORDERED**.

Dated: October 21, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**